IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-121 |
| | ) | (VARLAN/SHIRLEY) |
| v. | ) | |
| | ) | |
| JOHN D. LEE II, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court by Order [Doc. 15] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the defendant's Ex Parte Motion for Release of Audiotape Recordings. [Doc. 14] The defendant moves the Court to provide public access to the court reporter's audiotape recordings of the various proceedings relating to defendant's appeal. In his motion, the defendant "stipulates that transcripts provided by court reporters are an accurate representation of the proceedings in this case." [Doc. 14]

Federal law requires that all proceedings in criminal cases had in open court

> shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conferences and subject to the discretion and approval of the judge. . . . The reporter or other individual designated to produce the record shall attach his official certificate to the original shorthand or other original recordings so taken and promptly file them with the clerk who shall preserve them in the public records of the court for not less than ten years. . . . The original notes or other recordings and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge.

28 U.S.C. § 753(b). In interpreting this law, courts have held that audiotapes of judicial proceedings

should be deemed judicial records available for public access when the audiotapes are the only record made of the proceeding, but audiotapes that merely back up a court reporter's stenographic record should not be deemed judicial records unless some reason is shown to distrust the accuracy of the stenographic transcript. Smith v. United States Dist. Court Officers 203 F.3d 440, 442 (7th Cir. 2000); see also In re application of American Broadcasting Companies, Inc., 537 F. Supp. 1168, (D.D.C. 1982) ("Nor has the public ever been permitted to copy the sound recordings which are frequently made by court reporters to supplement their stenographic notes of trial proceedings pursuant to 28 U.S.C. § 753(b).").

The Court notes that the two proceedings at issue were both transcribed by a court reporter, and that the official transcripts of those hearings have been provided to the defendant. [Docs. 6, 7, 8, 9] Given that the hearings at issue were transcribed by a court reporter, the Court finds that the stenographic notes of the court reporters constitute the original notes that are subject to public access, not the backup audiotape recordings. Given that the defendant has been provided with an official copy of the transcripts, and given that the defendant concedes the accuracy of those transcripts, the Court finds that defendant has established no basis for requiring the court reporters in this matter to provide the defendant, or the public, with the requested audiotapes. Defendant's motion [Doc. 14] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge