UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-121 |
| | ) | (VARLAN/SHIRLEY) |
| JOHN DAVIS LEE II, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This criminal matter is before the Court on defendant John Davis Lee II's appeal of the judgment imposed by the Honorable Magistrate Judge H. Bruce Guyton following a bench trial held on September 12, 2007, at which defendant was found guilty of a Class B misdemeanor [Doc. 1; Doc. 1-2]. The United States was represented by Robert E. Simpson, Assistant United States Attorney, and defendant elected to proceed *pro se*. Defendant has filed an appeal brief [Doc. 13], to which the government has responded in opposition [Doc. 11]. Defendant has also filed a rebuttal brief to the government's response [Doc. 12].

Also before the Court is defendant's Motion to Dismiss for Violation of Speedy Trial Act and Defendant's Informal Brief and Memorandum ("motion to dismiss for speedy trial violation") [Doc. 17]. The government has responded in opposition [Doc. 18] and defendant has filed a reply [Doc. 19].

**I.     Facts[1]**

On May 19, 2007, defendant, operating a motorcycle, was stopped on the Foothills Parkway in the Great Smoky Mountains National Park by National Park Ranger Keith Gad ("Ranger Gad") and charged with failure to comply with roadway markings, that is, passing on a solid, double-yellow line, in violation of 36 C.F.R. § 4.12 [*see* Violation Notice No. P 0508625 TE41].  Section 4.12 provides that:

> Failure to comply with the directions of a traffic control device is prohibited unless otherwise directed by the superintendent.

36 C.F.R. § 4.12.  A violation of § 4.12 is a Class B misdemeanor, subject to imprisonment not to exceed six months or a fine not to exceed $5,000.  *See* 36 C.F.R. 1.3(a); *see also* 18 U.S.C. §§ 3571(a), (b)(6).

Prior to trial, defendant argued that the issuance of a citation, such as the Violation Notice issued by Ranger Gad in this case, is a civil and not a criminal matter.  Defendant also argued, in a Motion for Recusal, that Magistrate Judge Guyton lacked jurisdiction over him because defendant had not signed a waiver submitting to magistrate judge jurisdiction.  Defendant also requested discovery and any exculpatory evidence he would be entitled to under *Brady v. Maryland*, 373 U.S. 83 (1963).  Pursuant to this request, the government gave

---

[1] The relevant motions, documents, and exhibits mentioned in this Memorandum Opinion and filed throughout the pretrial and trial proceedings in this case were filed with the case number P0508625 GSMNP Petty Offense and were not assigned docket numbers on ECF.  Hard copies of the relevant motions, documents, and exhibits are available in the case file.  To the extent the parties have attached motions, documents, and exhibits to their pleadings in this appeal, docket numbers have been assigned and are available on ECF.  Thus, when possible, the Court will cite to those docket numbers.  When no docket number is available, the Court will give the full title of the relevant motion, document, or exhibit, available as hard copies in the case file.

defendant a copy of the videotape made by Ranger Gad at the time of the stop, along with other *Brady* materials [*see* Doc. 11-1].

On the day of the trial, Magistrate Judge Guyton denied defendant's argument that he lacked jurisdiction over defendant's case [Tr. 5].[2] Magistrate Judge Guyton also found that the government had complied with its *Brady* obligations, thus denying defendant's Motion for Order Directing Plaintiff Review Files for *Brady* Materials Or Dismiss Complaint [Tr. 8]. Magistrate Judge Guyton also denied defendant's Motion for Arraignment Transcript at No Cost to Defendant and defendant's Motion to Compel Inspection of Vehicle Equipment [Tr. 9]. Defendant also made an oral motion to dismiss the case for lack of personal jurisdiction and argued that he was only appearing in Court under duress and against his free will [Tr. 11]. The Court denied the oral motion [Tr. 11]. Next, defendant argued that the government had deleted portions of the tape, an assertion the government denied [Tr. 11]. Finally, defendant filed a Motion for Written Order, requesting a written order from the trial, which Magistrate Judge Guyton denied as moot [*see* Magistrate Judge Guyton's Memorandum and Order, filed Sept. 12, 2007].

The evidence adduced at trial established the following, primarily by the testimony of Ranger Gad, who testified in the government's case-in-chief and who issued the Violation Notice to defendant on May 19, 2007. Ranger Gad testified that on May 19, 2007, he was traveling northbound on the Foothills Parkway towards Townsend, Tennessee [Tr. 17]. The

---

[2] All citations to the transcript are from the Transcript Proceedings for September 12, 2007, before the Honorable H. Bruce Guyton, United States Magistrate Judge [*see* Doc. 8].

Foothills Parkway, which is within the Eastern District of Tennessee, is also within the Great Smoky Mountains National Park, a special maritime and territorial jurisdiction of the United States [Tr. 13].

Ranger Gad testified that he saw a motorcycle, traveling southbound, come up behind a car, also traveling southbound, at what Ranger Gad stated "looked to be a pretty quick speed to me." [Tr. 18]. According to Ranger Gad, the motorcycle "came up really close to the rear of the car[]" and then passed it [Tr. 18]. Ranger Gad testified that this occurred in a "no passing zone . . . . marked with solid yellow lines." [Tr. 18]. Ranger Gad testified that he did not have his video recording equipment on at the time the motorcycle passed the car because "it is not protocol to run the video all the time." [Tr. 19]. After he saw the motorcycle pass the car, Ranger Gad testified that he turned his vehicle, "activated the lights and siren and went around the car and got behind the motorcycle and activated my video tape." [Tr. 20]. Ranger Gad testified that he followed the motorcycle about a mile or a mile and a half and that the motorcycle was traveling over the speed limit [Tr. 20]. Ranger Gad stopped the motorcycle and identified the driver as John Lee II, the defendant [Tr. 22]. Ranger Gad testified that he handed defendant the Violation Notice and asked defendant to sign it [Tr. 27]. Defendant signed the Notice and wrote "Under duress" on the Notice and quoted a Tennessee statute [Tr. 27-28, *see* Violation Notice No. P 0508625 TE41]. Ranger Gad testified that the Violation Notice was a collateral violation notice which means the individual receiving the notice has not been cited into a court but may pay a fine for the

4

offense through the mail [Tr. 29].  Following this testimony, the government moved the videotape from Ranger Gad's vehicle into evidence [Tr. 29-30; Ex. 1].

Defendant then cross-examined Ranger Gad on the facts leading up to his issuance of the Violation Notice, including Ranger Gad's speed, the workings of his lights and sirens and when he turned each on, and questions regarding when Ranger Gad had turned on his video equipment the day of the incident [Tr. 30-70].  Defendant also asked questions relating to whether Ranger Gad had ever broken the law and whether he had had any criminal convictions or complaints filed against him [Tr. 30-70].  Defendant also testified on his own behalf and put into evidence a DVD [Ex. 2], a copy of a Tennessee Code Annotated statute [Ex. 3], and an audio CD [Ex. 4].  The government then called Ranger Gad to give rebuttal testimony.  The government, in its closing argument, summed up its case by stating that "the proof was uncontradicted" that defendant committed the offense as charged [Tr. 73].  In defendant's closing argument, he stated that the state of Tennessee retains jurisdiction in National Parks and that the government had failed to present a case under Tennessee law [Tr. 74].  Defendant then requested dismissal of the case for failure to prosecute, failure to state a cause of action, lack of subject matter jurisdiction [Tr. 74-75].  Defendant also argued that the government's prosecution of this case violated the Fourteenth Amendment and the government had failed to prove its case beyond a reasonable doubt [Tr. 74-75].

Following proof and closing arguments, Magistrate Judge Guyton made the following findings and issued his judgment:

5

> The Court is going to find that the testimony of Ranger Gad is credible and not rebutted in the facts of the offense charged and establishes beyond a reasonable doubt that the defendant did commit the offense of failing to comply with roadway markings by passing on a solid double yellow line. The Court finds that the defendant is guilty of that offense. The Court imposes a fine of one hundred dollars with Court costs and special assessment of thirty-five dollars for a total of one hundred thirty-five dollars and that will be the judgment of the Court in this matter.

[Tr. 76].

Following the judgment of the Magistrate Judge, defendant filed a timely appeal [Doc. 1] to this Court, *see* Fed. R. Crim. P. 58(g)(2)(B), along with the motion to dismiss for speedy trial violation [Doc. 17]. The Court first addresses defendant's motion to dismiss for speedy trial violation. Next, the Court addresses defendant's appeal of the judgment imposed by Magistrate Judge Guyton.

## II. Motion to Dismiss for Speedy Trial Violation

In the motion to dismiss for speedy trial violation, defendant requests that the Court dismiss this case pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.*, for failure to prosecute within the time limits required by the Fifth and Sixth Amendments to the United States Constitution. In support, defendant asserts that he did not waive his right to a trial by a district judge or consent to a trial by a magistrate judge and that even if a "secret" consent form was signed by the Magistrate Judge, defendant's "speedy trial clock is still ticking." Defendant also argues that the government has refused to comply with his discovery requests and that he has been significantly prejudiced by the undue delay in this case.

6

The Speedy Trial Act provides certain time limits and exclusions by which "a defendant charged with an offense" must be brought to trial "so as to assure a speedy trial." *See* 18 U.S.C. §§ 3161(a), (b), (c). With this in mind, the Court finds unavailing defendant's arguments that there was a violation of th Speedy Trial Act. First, this case is on appeal from a judgment and was on appeal at the time defendant filed his motion to dismiss. The Speedy Trial Act applies to trials and does not apply to cases on appeal following a judgment of conviction. *See id.* Second, even if defendant's case was not on appeal and there had not yet been a trial, the Speedy Trial Act would not apply, as defendant was charged and convicted of violating 36 C.F.R. § 4.12, a Class B misdemeanor, which is not an "offense" within the meaning of the Speedy Trial Act. Under the Speedy Trial Act, the term "offense" means "any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress *(other than a Class B or C misdemeanor or an infraction* . . . . 18 U.S.C. § 3172(2) (emphasis added). Defendant in this case was charged and convicted of a violation of 36 C.F.R. § 4.12, which is a Class B misdemeanor. *See* 36 C.F.R. § 4.12; 36 C.F.R. § 1.3(a); 18 U.S.C. § 3559(a)(7).[3] Thus, defendant's conviction

---

[3] Section 1.3(a) of Title 36 of the Code of Federal Regulations provides that "[a] person convicted of violating a provision of the regulations contained in Parts 1 through 7, 12 and 13 of this chapter . . . shall be punished by a fine provided by law, or by imprisonment not exceeding 6 months, or both, and shall be adjudged to pay all costs of the proceedings. 36 C.F.R. § 1.3(a). The offense defendant was charged with, a violation of 36 C.F.R. § 4.12, falls within this provision. Section 3559(a)(7) of Title 18 of the United States Code classifies an offense with this type of penalty as a Class B misdemeanor. *See* 18 U.S.C. § 3559(a)(7) (stating that a Class B misdemeanor is an offense in which a defendant faces a sentence of imprisonment of six months or less but not more than thirty days).

falls squarely within the categories of offenses excluded from the Speedy Trial Act and defendant's motion to dismiss for speedy trial violation is hereby denied.[4]

## III. Defendant's Appeal of the Judgment

### A. Standard of Review

Federal Rule of Criminal Procedure 58(g)(2)(D) provides that, on a defendant's appeal of a judgment of conviction rendered by a magistrate judge, "[t]he defendant is not entitled to a trial de novo . . . [t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D); *see, e.g., United States v. Raddatz*, 447 U.S. 667, 673-76 (1980) (describing the various standards by which a district judge will review the determinations of a magistrate judge, on both dispositive and nondispositive matters). Thus, in regard to an appeal of a judgment by a magistrate judge on a dispositive matter, this Court will review the legal determinations de novo and the factual findings for clear error, as the Court of Appeals would review an appeal from this Court. *See, e.g., United States v. Ali*, 557 F.3d 715, 720 (6th Cir. 2009) (stating that "we review de novo the district court's denial of [a] motion to dismiss the indictment"); *United States v Blair*, 524 F.3d 740, 747 (6th Cir. 2008) (when reviewing the district court's

---

[4] Defendant also makes the assertion that his due process rights were violated by the delay in his case and because "[s]ecret invisible forms . . . violate the Fifth Amendment requirement for due process." [Doc. 17, pp. 7-8]. However, because defendant has provided no evidence of any "secret forms," and in light of the Court's finding that defendant has had a trial and the Speedy Trial Act does not apply to defendant's appeal, the Court will address this argument no further as it has no merit.

8

decision regarding a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo).

**B.     Analysis**

Defendant asserts numerous grounds for his appeal of the judgment, including violations of the Fourth, Fifth, Seventh, Eighth, Tenth, and Fourteenth Amendment to the United States Constitution. Defendant also asserts the following: that Magistrate Judge Guyton lacked jurisdiction to issue a judgment in this case; that defendant never consented to magistrate judge jurisdiction; that Federal Rule of Criminal Procedure 58 is unconstitutionally vague; that defendant was denied discovery materials; that the Magistrate Judge improperly prohibited defendant's inspection of the equipment and the videotape; that the videotape from Ranger Gad's vehicle, introduced into evidence at trial, was partially destroyed; that Ranger Gad lacked credibility and was himself guilty of various crimes; and that there are conflicts between Tennessee law and the offense charged in this case.

As an initial matter, the Magistrate Judge clearly had jurisdiction to hear this case. United States magistrate judges "have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within [their] judicial district." 18 U.S.C. § 3401(a). In some circumstances, any person charged with a misdemeanor, *other than a petty offense* may elect . . . to be tried before a district judge . . . ." *Id.* § 3401(b) (emphasis added). However, the Violation Notice in this case charges defendant with a petty offense, therefore, defendant could not have elected to have been tried before a district judge [*see*

9

Violation Notice No. P 0508625 TE41]. Thus, defendant's argument that he is entitled to a trial de novo is hereby rejected.

As to defendant's argument that he did not "consent" to magistrate jurisdiction and was not permitted to sign a "consent" form pursuant to Local Rule 72.4 and the Federal Rules of Criminal Procedure, the Court also finds this argument unavailing. Local Rule 72.4(a) provides that:

> Pursuant to 18 U.S.C. § 3401 and subject to the consent of the parties pursuant to Federal Rule of Criminal Procedure 58(b), the magistrate judges of this district are designated to exercise jurisdiction to try persons accused of and sentence persons convicted of, misdemeanors committed in this district.

E.D. TN. LR 72.4(a). As stated previously, 18 U.S.C. § 3401(b) does not permit a trial before a district judge for a petty offense and Federal Rule of Criminal Procedure 58(b)(2)(E)(i) states that a defendant is entitled to "the right to trial, judgment, and sentence before a district court—*unless: the charge is a petty offense*[.]" Fed. R. Crim. P. 58(b)(2)(E)(i) (emphasis added). Accordingly, nothing in Local Rule 72.4 or the Federal Rules of Criminal Procedure[5] give defendant, charged with a petty offense, the right to a trial before a district judge.

As to defendant's discovery objections, the Court notes that defendant was provided with *Brady* materials prior to trial—namely the videotape made at the time defendant was

---

[5] Defendant has not asserted any support for his argument that Federal Rule of Criminal Procedure 58 is unconstitutionally vague and the Court finds no reason to address this argument further.

stopped by Ranger Gad. Magistrate Judge Guyton also ruled prior to trial that the government had complied with its *Brady* obligations regarding discovery matters and the Court finds no reason to disagree with that holding. Moreover, the Court can discern no evidence or support for defendant's argument that the government hid any *Brady* materials from defendant or that Ranger Gad or the government "destroyed [the] videotape evidence[,]" as is asserted by defendant [Doc. 13, p. 6].

Defendant also asserts that Ranger Gad committed state and federal crimes, including perjury and traffic offenses, and appeals Magistrate Judge Guyton's and the government's refusal to "allow prosecution of [Ranger Gad] for these state crimes or relevant federal crimes." [Doc. 13, p. 7]. In arguing that Ranger Gad should be prosecuted, defendant asserts that the Equal Protection Clause of the Fourteenth Amendment was violated because defendant was being prosecuted for a crime and Ranger Gad was not. The Court finds no basis in the record, the transcript of the trial, or the relevant exhibits for defendant's arguments. The Court also finds no evidence that Ranger Gad committed perjury as a testifying witness, nor has defendant pointed to any place in the record indicating such perjury. Further, to the extent defendant argues that Ranger Gad's credibility was of such that his testimony could not have been believed, the Court points out that defendant had a full and fair opportunity at trial to cross-examine Ranger Gad concerning his credibility and the facts surrounding the issuance of the Violation Notice.

The Court also finds unavailing defendant's arguments concerning the conflicts between Tennessee law, the Tennessee Constitution, and the Code of Federal Regulations,

under which defendant was charged. Federal law explicitly vests federal courts with jurisdiction over "all offenses against the laws of the United States[.]" U.S. Const. art. 1 § 8. Here, the Violation Notice properly charged a petty offense, namely, a Class B misdemeanor, against defendant in the pertinent United States District Court. Further, it was established at trial that the offense for which defendant was convicted occurred on the Foothills Parkway which is within the Great Smoky Mountains National Park, which itself is within the Eastern District of Tennessee [Tr. 13, 17]. The Great Smoky Mountain National Park is a "special maritime and territorial jurisdiction of the United States" as defined by 18 U.S.C. § 7. *See* 18 U.S.C. § 7. Moreover, defendant was charged with a violation of federal law, not state law. Accordingly, defendant's citation and discussion of Tennessee state law and the Tennessee Constitution is irrelevant and defendant's argument in this regard is hereby denied.

In reviewing defendant's constitutional arguments, the Court has reviewed the record and the entire transcript from the trial of this case. However, the Court cannot find any evidence supporting defendant's assertions of constitutional violations. There are no clear errors in Magistrate Judge Guyton's consideration of the evidence produced at trial, the testimony of Ranger Gad , and the videotape from Ranger Gad's vehicle. Moreover, the evidence clearly supports his judgment. Defendant has pointed to no place in the record showing otherwise. Further, upon a de novo review of Magistrate Judge Guyton's pretrial rulings, his legal determinations, and the judgment and sentence in this case, the Court cannot agree with defendant that a reversal of this case is warranted. Accordingly, after a careful

review of the entire record, the Court is of the opinion that the judgment and sentence imposed by Magistrate Judge Guyton in this case is fair and just under all the circumstances and is supported by substantial evidence in the record.  Therefore, both will be affirmed.

## IV. Conclusion

For the reasons stated herein, defendant's Motion to Dismiss for Violation of Speedy Trial Act and Defendant's Informal Brief and Memorandum [Doc. 17] is hereby **DENIED**. Defendant's appeal of the judgment of Magistrate Judge H. Bruce Guyton [Doc. 1] is hereby **DISMISSED** and the judgment in this case, finding defendant guilty of a violation of 36 C.F.R. § 4.12 and imposing a fine of one hundred dollars with Court costs and a special assessment of thirty-five dollars for a total of one-hundred and thirty-five dollars is hereby **AFFIRMED**.  An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE