UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 3:07-CR-121 |
| | ) | |
| JOHN DAVIS LEE, II, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant John Davis Lee, II's Expedited *Ex Parte* Motion to Copy Record Without Cost to Appellant [Doc. 27], referred [Doc. 28] to the undersigned on August 10, 2010. In this motion, the Defendant requests a "free certified copy of the record" in order to prepare his appellate brief to the Sixth Circuit Court of Appeals. He contends that due process requires that he receive a copy of the record at no cost because he has been allowed to proceed *in forma pauperis* in this case, and he cannot afford the copying fee to obtain a personal hard copy of the record. He argues that he needs a copy of the record–whether a hard copy or a digital copy–in order to determine whether Court Orders or other records are missing from the record, to provide documents as appendices to his appellate brief, and to cite to the appropriate page numbers of portions of the record in his appellate brief. As an alternative to a hard or digital copy of the record, the Defendant proposes that the Court order that he may access the record through a free PACER account, that he be allowed to remove the record from the Clerk's Office for seven days, that he be permitted to remove the record from the courthouse to the courtyard for one hour in order to take photographs of each page, or that he be allowed to bring a camera into the Clerk's

Office to photograph the record. Finally, the Defendant states that the mailing deadline for his appellate brief is August 9, 2010, and that the "delay" in filing the instant request stems from the fact that he is disabled and is caring for an elderly parent following the death of a spouse.

On December 5, 2007, this Court permitted [Doc. 6] the Defendant to bring an appeal *in forma pauperis* of Magistrate Judge H. Bruce Guyton's judgment on a petty offense to the District Court and granted the Defendant's motion to obtain transcripts free of charge. The District Court affirmed the judgment in this case and dismissed the Defendant's appeal [Docs. 20 and 21]. On May 14, 2010, the Defendant filed a Notice of Appeal [Doc. 25] of this decision by the District Court to the Sixth Circuit Court of Appeals. In a letter [Doc. 26] dated June 24, 2010, the Defendant informed the District Court Clerk's Office that he was proceeding *in forma pauperis* in his appeal to the Sixth Circuit. Based upon his *in forma pauperis* status, the Defendant now seeks to obtain a copy of the record free of charge for his personal use in filing his appellate brief.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure allows a criminal defendant, who was permitted to proceed *in forma pauperis* in the district court, to likewise proceed *in forma pauperis* on appeal "without further authorization[.]" Moreover, "[a] party allowed to proceed on appeal in forma pauperis may request that the appeal be heard on the original record without reproducing any part." Fed. R. App. P. 24(c). The right to proceed *in forma pauperis* "does not include the right to obtain copies of court orders without payment therefor." Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam) (citing 28 U.S.C. § 1915(a)). Relying upon Douglas, the District Court for the Middle District of Tennessee has denied an indigent party's request for a copy of a document free of charge "[a]bsent a specific showing of need," particularly when the document was filed by the requesting party. Bumpas v. Nixon, No. 3:08-0977, 2009 WL 3048562,

*6 (M.D. Tenn. Sept. 17, 2009).

In the instant case, the Court finds that the Defendant filed fifteen documents [Docs. 1, 2, 3, 4, 7, 12, 13, 14, 17, 19, 22, 23, 25, 26, and 27]. The Defendant gives no reason, much less a specific showing of need, regarding why he would need a copy of documents that he generated. Moreover, the record contains five orders and opinions [Docs. 15, 16, 20, 21, and 24] of this Court and the District Court that were documented as having been mailed to the Defendant. The record contains two transcripts [Docs. 8 and 9] of proceedings before Judge Guyton, which this Court ordered [Doc. 6] to be provided to the Defendant. The following documents filed by the Government contain a certification that the Government mailed a copy to any party not authorized to receive the document by electronic filing: Notice of Appearance [Doc. 10], Reply Brief to Defendant's Appeal to the District Court [Doc. 11], and Response to Defendant's Motion to Dismiss for Violation of Speedy Trial Act [Doc. 18]. The Court notes that the Defendant filed replies [Docs. 12 and 19] to the latter two, purporting to rebut the points therein. These replies show that the Defendant received these filings by the Government. Finally, the Defendant included a copy of the remaining two Orders [Docs. 5 and 6], the District Court's referral Order [Doc. 5] of November 13, 2007, and this Court's Memorandum and Order [Doc. 6] of December 5, 2007, as attachments to his June 24, 2010 letter [Doc. 26] to the Clerk's Office, in support of his assertion that he was proceeding *in forma pauperis* on appeal. The Defendant has provided no reason for the Court to provide him copies at the Court's expense of documents already in his possession.

Accordingly, because the Court has determined that the Defendant already possesses a copy of every document in the record, the Defendant's Expedited Ex Parte Motion to Copy Record Without Cost to Appellant [**Doc. 27**] is **DENIED**. The Clerk of Court is **DIRECTED** to mail a copy of this order and a copy of the Docket Sheet to the Defendant at the address listed on his motion.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge